IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRANDON SCOTT FAVRE**                                                         **PETITIONER**

**VERSUS**                                                   **CIVIL ACTION NO.  1:06cv614LG-JMR**

**STATE OF MISSISSIPPI**                                                   **RESPONDENT**

## MEMORANDUM OPINION AND ORDER DISMISSING THE PETITIONER'S COMPLAINT

The Petitioner, an inmate of the Mississippi Department of Corrections, filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 and requested *in forma pauperis* status. The Petitioner filed an incomplete *in forma pauperis* application. As a result, on June 28, 2006, an order was entered directing the Petitioner to pay the required filing fee or file a completed *in forma pauperis* application, within twenty days. The Petitioner was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The Petitioner failed to comply with this order.

On August 10, 2006, an order was entered directing the Petitioner to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's June 28, 2006 order. In addition, the Petitioner was directed to comply with the June 28, 2006 order, within fifteen days. The Petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The Petitioner has not complied with the show cause order.

The Petitioner has failed to comply with two Court orders. It is apparent from the Petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute

under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Petitioner has not complied with two court orders, nor has he contacted this Court since October 23, 2006. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 19th day of December, 2006.

*S/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATE DISTRICT JUDGE